UNITED STATES v. THE GRAND RAPIDS et al.

No. 798.

United States District Court
S. D. Texas, Houston Division.

April 17, 1950.

951

Briam S. Odem, U. S. Atty., and K. M. Nolen, Asst. U. S. Atty., of Houston, Tex., for libellant.

DeLange & Hudspeth, of Houston, Tex., for respondent Bruce K. Swansey.

KENNERLY, Chief Judge.

Here the United States of America, as the owner of the Motorship Jamestown, sues the Motortug Grand Rapids, in rem, and her owner, Bruce K. Swansey, in personam, for alleged damages to the Jamestown alleged to have been caused on or about April 29, 1944, by the Grand Rapids colliding with the Jamestown in the Houston Ship Channel, in this District and Division. Before the Grand Rapids was seized, she was accidentally destroyed by fire; hence the suit is one against her owner, Bruce K. Swansey.

It is virtually undisputed that on April 29, 1944, while the Motorship Jamestown, owned by the Government, a vessel of 7,050 gross tons, 431 feet in length, 59 feet in beam, and 33 feet in depth, was lying moored to the Texaco Oil Dock at Galena Park, Texas, on the Houston Ship Channel, discharging her cargo of petroleum products, she was struck by the Motortug Grand Rapids while the Grand Rapids was being maneuvered into an adjoining or nearby slip.

The collision occurred as stated *April 29, 1944*. At that time Bruce K. Swansey was the owner of the Grand Rapids. This suit was filed *September 16, 1947*, and process was served on Swansey on *May 7, 1948*.

No explanation is given for the delay. No process was ever served on the Grand Rapids, because as stated she was destroyed by fire before seizure.

The charges of negligence which the Government makes against the Grand Rapids are as follows:

"1. Those in charge of the said tug were careless, incompetent and inattentive to their duties.

"2. They failed to maintain a proper and vigilant lookout.

"3. They failed to make due allowance for the effect of wind and tide.

"4. They proceeded at an improper and excessive rate of speed.

"5. They failed to avoid and keep away from a moored vessel.

"6. They negligently collided with a moored vessel."

Libellant brings forward no evidence, certainly no dependable evidence, that the Grand Rapids, or those in charge of her, were negligent. The only witness for Libellant is the Master of the Jamestown, who testifies by deposition taken *November 22, 1949*, more than five years after the collision. Apparently the long lapse of time has greatly dimmed his memory.

The Government stands upon the well-recognized rule that where a moving vessel collides with a vessel properly moored, the burden is upon the moving vessel to show that it was without fault, or that the collision was an unavoidable accident. I think that the showing made by respondent in this case fully meets this requirement. The showing is and I find that there was no negligence on the part of the Grand Rapids, or those in charge of her, and that the collision was unavoidable.

I think judgment must go for respondent. I do not find it necessary to pass upon the question of limitation raised by respondent.

Judgment for respondent. This memorandum is adopted as Findings of Fact and Conclusions of Law. Let decree be drawn and presented.